*In re* MARRIAGE OF JAMES J. HANNON, Petitioner-Appellee and
MARY LOU HANNON, Respondent-Appellant (The City of Aurora Fire-
fighters' Pension Fund, Intervenor-Appellee).

Second District   No. 2—90—0268

Opinion filed January 8, 1991.

Bruce A. Brown and Lisa F. Rauch, both of Goldsmith, Thelin, Schiller & Dickson, of Aurora (Bruce Goldsmith, of counsel), for appellant.

Atwell & Atwell, of Aurora, (Charles H. Atwell, Jr., of counsel), for appellee James J. Hannon.

JUSTICE GEIGER delivered the opinion of the court:

The respondent wife, Mary Lou Hannon, appeals from the court's modified order dissolving her marriage with the petitioner husband, James J. Hannon. She challenges the order's provision which precludes her receipt of survivor benefits from the intervenor-appellee City of Aurora Firefighters' Pension Fund (the Fund).

The parties were married in 1956 and lived together until 1985. During the process of dissolving their marriage, they reached a negotiated settlement. On February 8, 1989, the court filed its original dissolution judgment including the parties' agreed "Qualified Domestic Relations Order" (QDRO). The QDRO was based upon section 414(p) of the Internal Revenue Code (Revenue Code) (26 U.S.C. §414(p) (1988)). Under the agreed QDRO the wife received 50% of the husband's pension benefits, payable directly from the Fund. Also, the QDRO provided that the wife "shall be treated as a surviving spouse with respect to [her] portion of the plan benefits." When the order was filed, the husband was already retired from employment as a fire fighter and receiving a retirement pension from the Fund.

After the initial dissolution order was filed, and pursuant to the wife's motion to modify, the court granted the Fund leave to intervene and scheduled briefing and a hearing. The intervenor Fund ar-

gued that the parties could not effectively designate the wife as "surviving spouse."

After the hearing, the court found that under the Firefighters' Pension Fund provisions of the Illinois Pension Code (the Pension Code or the Code) (Ill. Rev. Stat. 1989, ch. 108½, par. 4—101 *et seq.*), the parties could not designate the wife to receive survivor benefits following the dissolution. The court also rejected the wife's argument that section 414(p) of the Revenue Code mandated the possibility of that kind of designation because its provision allowing a QDRO to designate a former spouse as "surviving spouse" preempted contrary provisions of the Code. Under section 414(p), a QDRO may order that a former spouse shall receive surviving spouse benefits; the former spouse may, thus, deprive a current spouse of those benefits.

Based on its findings, the court entered a new judgment with a modified QDRO. Under that new order, the wife received sole interest in 50% of the husband's total pension entitlement, so long as he receives fund benefits; the order provided that she would be paid directly from the Fund. The order further provided, basically, that the husband's survivor benefits were not marital property and that, in the event the husband predeceased the wife, they would be awarded not to the parties, but to the persons entitled to them under the Pension Code.

The wife brought this appeal. She argues generally that she should be entitled to survivor benefits from the Fund. Specifically, she argues that survivor benefits provided under the Code are marital property under the Illinois Marriage and Dissolution of Marriage Act (the Marriage Act or the Act) (Ill. Rev. Stat. 1989, ch. 40, par. 503) and are distributable to her in a manner similar to retirement benefits. She also argues that the Pension Code itself should be read to include a former spouse as a "surviving spouse" to receive survivor benefits (Ill. Rev. Stat. 1989, ch. 108½, par. 4—114). Alternatively, the wife argues that section 414(p) of the Revenue Code, with its provision for a former spouse to be designated as "surviving spouse" and, thus, survivor benefit recipient, preempts the Pension Code's definition of "surviving spouse." We find that the trial court's careful analysis was correct, and we affirm.

We first consider the wife's arguments relying upon the language of the Pension Code and the Marriage Act. In those arguments, the wife emphasizes that the husband's pension was earned during the parties' long-term marriage. Also, she emphasizes the general rule that pension rights accumulated during a marriage are marital property and subject to equitable division upon dissolution. (See *In re*

*Hackett* (1986), 113 Ill. 2d 286.) The Fund properly acknowledges those factors.

■■ In the portion of her argument focusing on the Marriage Act, the wife argues that the fire fighter surviving spouse benefits (Ill. Rev. Stat. 1989, ch. 108½, par. 4—114(a)) should be subject to equitable distribution because they are included within the Act's section 503 definition of marital property (Ill. Rev. Stat. 1989, ch. 40, par. 503). She notes that section 503 of the Act defines "marital property" as "all property acquired by either spouse subsequent to the marriage, except" for a limited list of property categories which do not include pension benefits (Ill. Rev. Stat 1989, ch. 40, par. 503(a)).

The wife goes on to focus on the Pension Code. She asserts that section 4—114 of the Code includes a former spouse as a "surviving spouse." To reach that conclusion the wife examines references to "surviving spouses" made by portions of the Pension Code covering groups other than fire fighters. (Ill. Rev. Stat. 1989, ch. 108½, pars. 2—121(b), 3—120, 7—154, 11—147(f), 12—123.1, 15—127, 17—121, 18—128(b).) She also notes that the fire fighter pension provisions do not define "surviving spouse" and that pension statutes must be construed to favor the rights of pension beneficiaries. See *Johnson v. Retirement Board of the Policemen's Annuity & Benefit Fund* (1986), 114 Ill. 2d 518, 521.

■ Initially, we reject the wife's argument that we should find from reading the Pension Code as a whole that the legislature intended that the term "surviving spouse" in Code section 4—114(a) would include former spouses. As the the Fund correctly notes, an unambiguous statute shall be construed consistent with the ordinary and popularly understood meanings of its words. (See *People v. Dednam* (1973), 55 Ill. 2d 565, 568.) Given that fact, and the absence of any contrary suggestion in the legislative language, we find inescapably clear that section 4—114(a)'s reference to a "surviving spouse" includes only a person who is married to a pensioner and alive at the time of the pensioner's death. (See *In re Estate of Morrissey* (1976), 38 Ill. App. 3d 981, 983.) A former spouse, having had his marital relationship severed by dissolution, is not included in that designation. 38 Ill. App. 3d at 983.

■■ In reaching our decision we specifically reject the wife's reliance on other pension provisions that mention surviving spouses. It is proper to compare separate statutes addressing the same subject to ascertain legislative intent. (*Illinois-Indiana Cable Television Association v. Illinois Commerce Comm'n* (1973), 55 Ill. 2d 205, 220.) However, the language used in a statute is the primary source for deter-

mining the legislature's intent, and, where that language is certain and unambiguous, the courts' role is to enforce the statute as enacted. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 369.) With reference to the fire fighters' pension code's clear and unambiguous use of the term "surviving spouse," we find no reason to resort to dissection of the language used in separate pension provisions.

■ Similarly, we agree with the wife that there is no need to divine the legislative intent through analysis of fire fighter pension code section 4—114(g). Subsection 4—114(g) provides that "[i]f a judgment of dissolution of marriage between a firefighter and spouse is judicially set aside subsequent to the firefighter's death, the surviving spouse is eligible for [a surviving spouse's] pension *** only if the judicial proceedings are filed within 2 years after the date of the dissolution *** and within one year after the firefighter's death and the board is made a party to the proceedings." Ill. Rev. Stat. 1989, ch. 108½, par. 4—114(g).

According to the wife, section 4—114(g) should not be construed to otherwise exclude former spouses from survivor benefits. Although we do not adopt the wife's precise analysis, we agree with her that reliance on section 4—114(g) is inappropriate here. Because, as we have found, the fire fighter pension provisions are clear on the category of persons entitled to "surviving spouse" benefits, we find no reason to rely upon section 4—114(g) to determine the legislature's intended meaning for the term "surviving spouse."

■ Given the clear meaning of the Pension Code term "surviving spouse," it is of secondary importance that "marital property," as defined in section 503 of the Marriage Act, has been held to include pension benefits, even those contingent upon future events and those which are not vested (see *In re Marriage of Papeck* (1981), 95 Ill. App. 3d 624; *In re Marriage of Bodford* (1981), 94 Ill. App. 3d 91, 92). As the Fund correctly notes, because pension rights originate not in the Marriage Act but in the Pension Code, analysis of their division upon dissolution must begin with the Pension Code. That fact emerges from the way other courts examining pension rights in dissolution proceedings have begun with analysis of pension provisions. See *Papeck*, 95 Ill. App. 3d at 629; see also *In re Hackett* (1986), 113 Ill. 2d 286, 292-93.

■ Unlike retirement pension rights, which the courts clearly recognize as distributable marital property (see *Hackett*, 113 Ill. 2d 286), survivor pension rights are not generally defined as the property of the covered employee (see, *e.g.*, Ill. Rev. Stat. 1989, ch. 108½, par. 4—109). Rather, they are generally defined under the Code as the

property of the survivors of a deceased former employee (see, *e.g.*, Ill. Rev. Stat. 1989, ch. 108½, par. 4—114). Thus, they arise only upon the death of a pensioner, and, in the case of "surviving spouse" rights, they accrue to the spouse at the time of the employee's death.

In that regard, we briefly address Pension Code section 4—115. Section 4—115 provides that if a fire fighter marries subsequent to his retirement, his surviving spouse is entitled to survivor benefits if the couple was married at least 12 months before the employee's death. According to the wife, if after this dissolution the husband was remarried for at least 12 months so that his subsequent spouse met the requirement of section 4—115, then predeceased his subsequent spouse, the subsequent spouse would be entitled to only 50% of the surviving spouse benefits. The initial 50% would be this former wife's entitlement.

■■ As the wife observes, by her interpretation the Fund is exposed to no additional survivor pension expenses, that is except, we note, for possible litigation expenses to resolve parties' respective entitlements. Nevertheless, the wife's construction has no statutory support. The fire fighter pension provisions clearly designate an employee's "surviving spouse," that is, the person married to him at the time of his death, to receive "surviving spouse" benefits. (See Ill. Rev. Stat. 1989, ch. 108½, pars. 4—114, 4—115.) That designation is clear and unqualified. The wife's interpretation, whereby an otherwise qualified "surviving spouse" could be deprived by a former spouse of his full statutory entitlement to survivor benefits, is clearly inconsistent with the Pension Code's language.

As we have already observed, by using the unambiguous term "surviving spouse," the Illinois Firefighters' Pension Code provides for full survivor benefits for a "surviving spouse" and does not include a former spouse as "surviving spouse" for those benefits. (See *In re Estate of Biewald* (1984), 127 Ill. App. 3d 269, 272.) There is no basis to limit the statute's unambiguous, unqualified award of a "surviving spouse" share of survivor benefits to the spouse of the employee at the time of the employee's death.

■■ In conclusion, we note that it is clear that an employee has a benefit from the anticipation of pension payments to his survivors, similar to his benefit from the expectation of retirement benefits. In that sense and because survivor benefits may be "earned" during a marriage which later is dissolved, survivor benefits are like the pension rights that courts divide as marital property. However, unlike other pension rights, survivor benefits have no possibility of becoming available for the employee's direct enjoyment. Rather, they are statu-

torily designated for survivors and not for the control of the employee. We determine that they are not subject to division as marital property.

■ The wife alternatively argues that if section 4—114 does not include her, as a former spouse, within the category "surviving spouse," then under the supremacy clause of the United States Constitution (U.S. Const., art. VI), section 414(p) of the Revenue Code preempts the "surviving spouse" limitation of section 4—114 of the Pension Code. She relies on the fact that the Revenue Code provides that to the extent provided by a QDRO, "the former spouse of [a pension plan] participant shall be treated as a surviving spouse of such participant" for purposes of survivor benefit distribution (26 U.S.C. §414(p)(5) (1988)).

We find no merit to the wife's preemption argument. As the Fund observes, unless a Federal act manifests an intent to preempt State law, we should not presume that preemption was intended. (See *Praznik v. Sport Aero, Inc.* (1976), 42 Ill. App. 3d 330, 340.) This record does not support preemption.

The Internal Revenue Code provisions upon which the wife relies are a portion of the Congress' requirements for "qualified" pension, profit, or stock bonus plans. A "qualified" plan is entitled to particular Federal income tax treatment. (26 U.S.C. §401 et seq. (1989).) Even if for the sake of argument we presume that the fire fighter pension provisions are covered by section 414(p) of the Revenue Code, we find no expression of congressional intent that the pension plan for fire fighters must be designated as a "qualified" plan and, thus, must comply with requirements for a plan to be "qualified."

The pension code for fire fighters may exclude, as it has excluded, a "former spouse" from its definition of "surviving spouse." Federal tax consequences might result from that exclusion. However, we find no obstacle to Congress' purposes resulting from any conflict between the Illinois legislature's definition and the Revenue Code. (See *Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 438-39.) Consequently, this is no case for State law preemption. Correspondingly, Congressional debate on the meaning of section 414(p) of the Revenue Code, to which the wife refers, has no bearing on a proper interpretation of the Illinois pension provisions for fire fighters.

Based on the foregoing, we affirm the judgment of the circuit court of Kane county.

Affirmed.

REINHARD, P.J., and McLAREN, J., concur.