# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Marriage of Winter*, 2013 IL App (1st) 112836

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF ANA L. WINTER, Petitioner-Appellant, and JEROME WINTER, Respondent (Public School Teachers' Pension and Retirement Fund of Chicago, Intervenor-Appellee). |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-2836 |
| Rule 23 Order filed | June 14, 2013 |
| Rule 23 Order withdrawn | July 12, 2013 |
| Opinion filed | July 12, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings dissolving the parties' marriage, the trial court properly found that the "surviving spouse benefit" under respondent's disability pension plan was not marital property subject to distribution to petitioner upon his death, since the benefit did not belong to either spouse during the marriage, it was not marital property and the Pension Code excluded a "former spouse" from the definition of a "surviving spouse," and, furthermore, the trial court did not abuse its discretion in refusing to grant petitioner's request for a mandatory injunction distributing the benefit to her, and she forfeited the argument that the Pension Code exclusion violated her equal protection rights. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 98-D-11073; the Hon. Mark Joseph Lopez, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | James K. Leven, of Law Office of James K. Leven, of Chicago, for appellant. |
|---|---|
| | Anita Tanay and Tiffany R. Reeves, both of Jacobs, Burns, Orlove & Hernandez, of Chicago, for appellee. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion. Presiding Justice Lampkin and Justice Gordon concurred in the judgment and opinion. |

## OPINION

¶ 1    Following the entry of an order finding the "surviving spouse benefit" of respondent Jerome Winter's (Jerome) disability pension plan is not marital property subject to distribution, petitioner Ana Winter (Ana) now appeals. Ana argues upon the passing of Jerome she is entitled to the surviving spouse benefit despite not meeting the statutory definition of a surviving spouse under the Illinois Pension Code (Pension Code) (40 ILCS 5/17-121(a) (West 2006)). For the foregoing reasons, we affirm the decision of the trial court.

¶ 2                                    BACKGROUND

¶ 3    Ana and Jerome Winter married in 1980. The couple then separated in 1998 before ultimately divorcing in 2005. Prior to the divorce, Jerome moved to the United Kingdom, taking their child and, according to the trial court, "virtually all the marital assets." Due to Jerome's continued residence abroad, the trial court encountered significant difficulty identifying, valuing, and distributing most of the marital assets. Jerome's pension payments, however, remained available for distribution by the court. Jerome, a retired teacher for Chicago Public Schools, began receiving pension payments from the Public School Teachers' Pension and Retirement Fund (Pension Fund) in 1985. The 2005 judgment of dissolution awarded the entire marital portion of this pension to Ana via a "Qualified Illinois Domestic Relations Order" (QILDRO) (40 ILCS 5/1-119 (West 2004)).

¶ 4    Initially, Jerome blocked Ana's receipt of any pension payments by refusing to sign a consent to the QILDRO, as required by section 1-119(m) of the QILDRO law.[1] Ana,

_____

[1] Jerome began participating in the pension plan prior to the 1999 effective date of the QILDRO law. Pub. Act 90-731 (eff. July 1, 1999) (adding 40 ILCS 5/1-119). Accordingly, Jerome's consent was required before the pension plan could pay Ana her marital portion of the payments directly. See 40 ILCS 5/1-119(m) (West 2004) ("a QILDRO issued against a member of a retirement system established under an Article of this Code that exempts the payment of benefits or refunds from attachment, garnishment, judgment or other legal process shall not be effective without the written consent of the member if the member began participating in the retirement system on or

-2-

therefore, petitioned the trial court to freeze Jerome's pension benefits. The trial court granted Ana's petition and issued a preliminary injunction requiring the entire portion of all future pension payments be placed in an IOLTA ("Interest on Lawyers Trust Account") pending further order of court. Jerome appealed the decision of the trial court to enter a preliminary injunction, which was affirmed and remanded by this court. *In re Marriage of Winter*, 387 Ill. App. 3d 21, 23-24 (2008).

¶ 5 Upon remand, Ana filed an "Amended Petition for Turnover Order and Other Relief." In her petition, Ana argued the survivor benefits were marital property and requested, *inter alia*, the trial court to use its equitable power to order "the Pension Fund *** to distribute Jerome's survivor benefits to Ana Winter upon Jerome Winter's death." The Pension Fund, having previously intervened in the lawsuit, filed a response to the petition arguing Ana was not entitled to the survivor benefits. On March 22, 2011, in a written order, the trial court denied Ana's request for survivor benefits. The trial court found Ana "fails to meet the definition of a 'surviving spouse' " under the plain language of the Pension Code and concluded the surviving spouse benefit is "not subject to division as marital property." Ana now appeals the decision of the trial court denying her petition.

¶ 6 ANALYSIS

¶ 7 Ana sets forth three arguments on appeal: (1) the court should award her the survivor benefit of the pension plan as marital property; (2) the court should grant her the survivor benefit pursuant to its equitable powers to enforce the judgment for the dissolution of marriage; and (3) the Illinois Pension Code's surviving spouse definition as applied violates her equal protection rights under the Illinois and United States Constitutions.

¶ 8 I. Marital Property

¶ 9 Ana primarily argues the pension plan's survivor benefits should be subject to distribution as marital property at the time of Jerome's demise. Addressing this argument involves the interpretation and application of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/101 *et seq.* (West 2004)) and the Pension Code (40 ILCS 5/1-101 *et seq.* (West 2004)). Thus, as a question of law, we review this issue *de novo. In re Marriage of Rogers*, 213 Ill. 2d 129, 135-36 (2004). Under *de novo* review, we perform the same analysis a trial judge would perform and give no deference to the judge's conclusions or specific rationale. *In re Marriage of Kehoe*, 2012 IL App (1st) 110644, ¶ 18.

¶ 10 The Marriage Act generally defines "marital property" as "all property acquired by either spouse subsequent to the marriage." 750 ILCS 5/503(a) (West 2004). Thus, "all property acquired by either spouse after the marriage and before a judgment of dissolution of marriage *** is presumed to be marital property." 750 ILCS 5/503(b)(1) (West 2004). Moreover, "all pension benefits (including pension benefits under the Illinois Pension Code) acquired by

before the effective date of this Section"); see also *In re Marriage of Menken*, 334 Ill. App. 3d 531, 534 (2002).

either spouse after the marriage and before a judgment of dissolution of marriage *** are presumed to be marital property." 750 ILCS 5/503(b)(2) (West 2004).

¶ 11　　Section 17-121(a) of the Pension Code provides, "[a] surviving spouse of a teacher shall be entitled to a survivor's pension only if the surviving spouse was married to the teacher for at least one year immediately prior to the teacher's death." 40 ILCS 5/17-121(a) (West 2004). Ana is no longer married to Jerome and thus the plain language of the Pension Code clearly excludes Ana as a "surviving spouse." Nevertheless, according to Ana, section 17-121(a) of the Pension Code should not dictate the outcome here. Instead, Ana argues the Marriage Act and the Pension Code should be read "harmoniously" such that the survivor benefit of Jerome's pension may be designated as marital property and then distributed to Ana despite section 17-121(a). In making this argument, Ana suggests we reject precedent set by this court in *In re Marriage of Hannon*, 207 Ill. App. 3d 329 (1991).

¶ 12　　The firefighter's pension at issue in *Hannon* similarly restricted a "surviving spouse" to "only a person who is married to a pensioner and alive at the time of the pensioner's death." *Hannon*, 207 Ill. App. 3d at 333. The court in *Hannon* reasoned survivor benefits are "generally defined under the Code as the property of the survivors of a deceased former employee." *Id.* at 334-35 (citing lll. Rev. Stat. 1989, ch. 108½, ¶ 4-114). "[U]nlike other pension rights, survivor benefits have no possibility of becoming available for the employee's direct enjoyment" as the legislature statutorily designated these rights solely "for survivors and not for the control of the employee." *Id.* at 335-36. Accordingly, while there is "a benefit from the *anticipation* of pension payments to [a pensioner's] survivors," the survivor benefits still "arise only upon the death of a pensioner" and can only "accrue to the spouse at the time of the employee's death." (Emphasis added.) *Id.* at 335. Thus, the court determined that survivor benefits are "not subject to division as marital property." *Id.* at 336.

¶ 13　　According to Ana, however, the subsequent Illinois Supreme Court decision of *Smithberg v. Illinois Municipal Retirement Fund*, 192 Ill. 2d 291 (2000), effectively overrules *Hannon*. In *Smithberg*, the husband agreed to designate his former wife as the sole beneficiary of the death benefit from his retirement fund and agreed he would " 'not designate any other survivors, or allocate any survivorship benefits, to anyone other than' " his former wife. *Smithberg*, 192 Ill. 2d at 293. After the husband remarried, "contrary to the express terms of the judgment and marital settlement agreement," he designated his second wife as the recipient of the death benefit. *Id.* The husband died without ever changing the designation to his former wife per the settlement agreement. *Id.* On cross-motions for summary judgment, the trial court ruled the second wife as the proper beneficiary. *Id.* at 292. On appeal, this court reversed, finding summary judgment should have been granted for the former wife. *Id.* The supreme court then affirmed the judgment of the appellate court. *Id.* at 306. In affirming the appellate court, the supreme court found the death benefits at issue were marital property subject to distribution upon dissolution, noting "retirement benefits have long been presumed to be marital property to the extent that the beneficial interest was acquired during the marriage." *Id.* at 303.

¶ 14　　The facts of *Smithberg* noticeably differ from those of the instant case. *Smithberg* concerned a death benefit that could be designated to any person the retiree desired. *Id.* at 293. Conversely, this case involves a surviving spouse benefit that accrues to an individual

defined not by the pensioner, but by the Pension Code. Nonetheless, Ana asserts language from *Smithberg* necessarily renders the survivor benefit at issue in this case to also be marital property. In particular, Ana relies on language which states, "[t]he death benefit is similar to a survivor benefit, which has been held to be a 'distinct property interest' and, though contingent in nature [citation], it, like any other property right created by a judgment of dissolution, becomes a vested right when the judgment is final [citation]." *Id.* at 302. *Smithberg* does compare death benefits to survivor benefits and correctly notes courts have previously held certain types of survivor benefits to be marital property. Regardless, we are not persuaded that the survivor benefit in this case should likewise be designated as marital property.

¶ 15    The *Smithberg* court cited *In re Marriage of Moore* for the proposition that "a survivor benefit *** has been held to be a 'distinct property interest.' " *Id.* (quoting *In re Marriage of Moore*, 251 Ill. App. 3d 41, 44 (1993)). Ana focuses on the use of the label "survivor benefit" in arguing the benefit in this case should be treated similarly to those in *Smithberg* and *Moore*. This argument, however, ignores the substantive distinction between the benefits at issue in those cases and the benefit at issue here. In *Moore*, the pension plan offered the pensioner the option to elect a "survivor annuity," but the so-called "survivor annuity" allowed him to designate his former wife as the sole beneficiary. *Moore*, 251 Ill. App. 3d at 45. Thus, in both *Smithberg* and *Moore*, the statute granted the pensioner the ability to choose the recipient of the benefit; this choice represented a present property interest belonging to the pensioner. This shared substantive property–and not any respective designation as a "death" or "survivor" benefit–was critical to the *Smithberg* and *Moore* courts' ability to distribute the benefits as marital property.

¶ 16    The benefit in this case differs from those at issue in *Smithberg* and *Moore*. The statute awarding the pension here restricts receipt of the benefit only to a "surviving spouse." Accordingly, the survivor benefits belonged to neither Ana nor Jerome, but to a hypothetical and undetermined "surviving spouse" defined by the Pension Code. Therefore, as the contingent benefits belonged to neither spouse, they could not be considered marital property under the Marriage Act, which requires the property to be "acquired by either spouse subsequent to the marriage." 750 ILCS 5/503(a) (West 2004).

¶ 17    The legislature established the pension benefit at issue. See 40 ILCS 5/17-121, 17-122 (West 2004). The legislature may therefore define to whom the pension intends to benefit. See *Hannon*, 207 Ill. App. 3d at 336 ("The pension code *** may exclude, as it has excluded, a 'former spouse' from its definition of 'surviving spouse.' "). While it is true pension benefits are generally "presumed to be marital property" under the Marriage Act, the presumption is overcome in this case where the pension benefits at issue did not belong to either spouse during the marriage. Accordingly, the trial court properly denied Ana's petition to distribute the survivor benefit as marital property.

¶ 18                                    II. Equitable Relief

¶ 19    Ana additionally argues the court should still exercise its equitable power by ordering the Pension Fund to provide her the survivor's benefit regardless of any mandate to the contrary

by the legislature in the Marriage Act and Pension Code. According to Ana, the court's equitable powers are not "diluted" by conflicting statutory provisions. She further argues that because the legislature has "no authority to take away or abridge the court's historic equitable powers," this court should distribute the survivor benefit to petitioner.

¶ 20      Although Ana did not label it as such, her argument for equitable relief amounts to a request for a positive or mandatory injunction. See *People v. Van Tran Electric Corp.*, 152 Ill. App. 3d 175, 183 (1987) ("A mandatory injunction *** commands the performance of some positive act."). Generally "not favored by the courts," a mandatory injunction is an "extraordinary remedy" and granted only in the rare instance the petitioner "has established a clear right to relief and the court determines that the urgency of the situation necessitates such action." *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 234 (1999). The decision to grant or deny an injunction rests within the sound discretion of the trial court and on review the decision will not be disturbed absent an abuse of discretion. *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164, 177 (2002). A trial court abuses its discretion only where no reasonable person would take the view adopted by the trial court. *In re Marriage of Schneider*, 214 Ill. 2d 152, 173 (2005).

¶ 21      To argue she is entitled to a mandatory injunction, Ana again relies on *Smithberg*. In particular, Ana argues the court in *Smithberg* "directed the [Illinois Municipal Retirement Fund] to pay the death benefit to [the former wife]," despite the Pension Code stating the death benefit should be distributed to the person designated by the retiree, which in *Smithberg* was the retiree's second wife. In making this argument, Ana mischaracterizes the court's actions in *Smithberg*.

¶ 22      In *Smithberg*, the retiree agreed in a marital settlement agreement to designate his former wife as the recipient of the death benefit. *Smithberg*, 192 Ill. 2d at 293. When the retiree changed the designation to his second wife prior to his death, he violated the terms of the agreement. *Id.* The court could have held the retiree in contempt of court and ordered him to revert the designation to his former wife. *Id.* at 296. After the retiree's death, however, this became impossible. *Id.* at 298. Thus, the supreme court noted an equitable remedy was necessary to achieve the proper result. *Id.* at 299.

¶ 23      The court in *Smithberg* did not, as Ana suggests, order the retirement fund to pay the former wife directly in contravention to the Pension Code. See *id.* Instead, the court used its equitable powers to "deem[ ] the designation of beneficiary form [designating the former wife as the sole beneficiary] filed with the [retirement fund] when it should have been filed, prior to [the retiree's] death." *Id.* In addition, the supreme court noted another proper remedy would have been to establish a constructive trust under which the second wife would still have initially received the death benefit. *Id.* The constructive trust then would have required the second wife "to transfer title and possession of the wrongfully acquired property to the [former wife]." *Id.* Neither equitable remedy would "trump" the statutory designation of the Pension Code. Rather, both remedies are designed to achieve the result demanded by the marital settlement agreement in a manner consistent with the provisions of the Pension Code.

¶ 24      Ana does not request either remedy described in *Smithberg*. Indeed, both remedies would be impossible to administer in this case. No beneficiary form exists for the court to deem

filed. Likewise, a constructive trust would not be appropriate here because no one is eligible to receive the survivor's benefit at this time.[2] Consequently, Ana must ask for the "extraordinary" remedy of a mandatory injunction and *Smithberg* does not support the assertion that a mandatory injunction would have been proper in this case.

¶ 25      In addition to relying on *Smithberg*, Ana also argues the previous preliminary injunction entered in this case demonstrates why she is entitled to a mandatory injunction here. The previous injunction sought to enforce the terms of the existing judgment by setting up a constructive trust. *Winter*, 387 Ill. App. 3d at 27. The purpose of the constructive trust was to assure Ana received the marital property the trial court found she was entitled to receive. *Id.* at 28. Ana now requests we use a permanent mandatory injunction to distribute survivor benefits that the law prohibits. Given this distinction, we cannot state that "no reasonable person would take the view adopted by the trial court." Accordingly, the trial court did not abuse its discretion by denying Ana's request for a mandatory injunction.

¶ 26                                III. Equal Protection

¶ 27      Ana lastly argues the definition of a surviving spouse under section 17-121(a) as applied to her violates her equal protection rights under the Illinois and United States Constitutions. According to Ana, section 17-121(a) irrationally discriminates against her–a former spouse who had been married to the pensioner for 25 years–in favor of a hypothetical current spouse who may have only been married to the pensioner for one year by the time of his death. We need not address this argument because Ana has forfeited this assertion by not challenging the statute in the trial court. While Ana did raise a constitutional challenge to a different statute below,[3] she never raised the as-applied challenge to section 17-121(a) she now asserts on appeal. "A party's failure to challenge the constitutionality of a statute in the circuit court normally forfeits that challenge on appeal in a civil case." *Forest Preserve District v. First National Bank of Franklin Park*, 2011 IL 110759, ¶ 27 (citing *In re Liquidations of Reserve Insurance Co.*, 122 Ill. 2d 555, 567-68 (1988)). Moreover, "it is well established that a court is not capable of making an 'as applied' determination of a statute's constitutionality where there has been neither an evidentiary hearing nor any findings of fact in the lower court." *People v. Brisco*, 2012 IL App (1st) 101612, ¶ 57.

¶ 28      In addition, Ana failed to provide timely notice to the Illinois Attorney General of the

---

[2]To create a constructive trust, "a court declares the party in possession of wrongfully acquired property the constructive trustee of that property because it would be inequitable for that party to retain possession of it." *Smithberg*, 192 Ill. 2d at 299. "The sole duty of the constructive trustee is to transfer title and possession of the wrongfully acquired property to the beneficiary." *Id.* As no party has wrongfully acquired the property at issue here, the court cannot declare a constructive trust.

[3]At trial, Ana argued the antialienation provisions of the Pension Code were unconstitutional as applied to her. While Ana did not cite which antialienation provisions she was specifically challenging, the cases Ana cited in the trial court discussed sections 1-119(m) and 17-151 of the Pension Code. Neither of these sections relates to the argument she now makes on appeal.

constitutional argument she raised on appeal. Under Illinois Supreme Court Rule 19, a party challenging the constitutionality of a statute in a case where the State is not a party must serve notice on the Attorney General or proper state agency. See Ill. S. Ct. R. 19(b) (eff. Sept. 1, 2006). Rule 19 requires notice "be served at the time of suit, answer or counterclaim, if the challenge is raised [in the trial court]." Ill. S. Ct. R. 19(b) (eff. Sept. 1, 2006). Otherwise, the party must serve notice "promptly after the constitutional or preemption question *arises* as a result of a circuit or reviewing court ruling or judgment." (Emphasis added.) Ill. S. Ct. R. 19(b) (eff. Sept. 1, 2006). Ana did not serve notice on the Attorney General shortly after she realized the "alleged unconstitutional statute would be used against [her]." *Villareal v. Peebles*, 299 Ill. App. 3d 556, 560-61 (1998). At the latest, Ana became aware the alleged unconstitutional statute would be used against her on March 22, 2011, when the trial court issued an order finding section 17-121(a) barred her from receiving the survivor benefit. Ana, however, served the Attorney General on September 18, 2012, 18 months after the entry of the trial court's order and one week after the filing of her initial brief in this matter. Consequently, Ana's notice was not timely filed and her constitutional argument is deemed forfeited on these grounds, as well as on the grounds that she failed to raise the argument at trial. See *Downtown Disposal Services, Inc. v. City of Chicago*, 407 Ill. App. 3d 822, 830 (2011) (failure to strictly comply with supreme court rule requiring a party challenging the constitutionality of a statute to serve notice of the challenge on the Attorney General may result in forfeiture).

¶ 29 For the first time in her reply brief, however, Ana asserts the Pension Fund did not address the timeliness of her notice in its response and, therefore, the Pension Fund has forfeited any forfeiture argument. First, we note this argument was improperly raised in the reply brief and we need not address it; an appellant's arguments must be made in the appellant's opening brief and cannot be raised for the first time in the appellate court by a reply brief. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008) ("Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); see also *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 40. Second, "forfeiture rules serve as an admonition to the litigants rather than a limitation upon the jurisdiction of the reviewing court." *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 33. Therefore, the Pension Fund's failure to address forfeiture in its brief does not divest this court of the power to deem Ana's constitutional argument forfeited. Finally, the Illinois Supreme Court has admonished this court to consider constitutional questions only where the case cannot be determined on other grounds. *People v. White*, 2011 IL 109689, ¶ 148. As Ana has twice forfeited her constitutional argument, we find no reason to otherwise relax the forfeiture rules and address the merits of her constitutional claim.

¶ 30                                        CONCLUSION

¶ 31 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 32 Affirmed.