2020 IL App (1st) 182577-U

No. 1-18-2577

Order filed May 6, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CURTIS GAYLORD, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Illinois Human |
| | ) | Rights Commission. |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF HUMAN RIGHTS, | ) | No. 2014 CP 2485 |
| THE HUMAN RIGHTS COMMISSION, and | ) | |
| WAL-MART SUPERCENTER, | ) | |
| | ) | |
| Respondent-Appellees. | ) | |

JUSTICE COBBS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The Illinois Human Rights Commission did not abuse its discretion by sustaining the dismissal of petitioner's claim of race and sex discrimination for lack of substantial evidence.

¶ 2    Petitioner Curtis Gaylord appeals *pro se* from a final order entered by the Illinois Human

Rights Commission (Commission) sustaining the Illinois Department of Human Rights'

(Department) dismissal of his charge of discrimination against Wal-Mart Supercenter (Walmart)

pursuant to the Illinois Human Rights Act ("Act") (775 ILCS 5/1-101, *et seq.* (West 2014)). Petitioner alleged that Walmart had discriminated against him based on his race ("black, African American") and sex ("male") when, having waited in line at customer service in order to return a previously purchased item, he was not permitted to go to the head of the line, but was forced to wait in line again, while an unknown white woman did not have to wait in line. The Department dismissed his charge for lack of substantial evidence. Petitioner appealed to the Commission, which sustained the Department's decision. On appeal, he contends that the Commission abused its discretion in sustaining that dismissal. We affirm.

¶ 3    On March 26, 2014, petitioner filed a complaint alleging that he was denied the full and equal enjoyment of Walmart's services because of his race and sex. According to petitioner's information sheet and intake interview with the Department, in February 2014, he went to a Walmart store in Joliet, Illinois to return a "GPS device" that he had previously purchased. After waiting in line, a customer service employee told him they needed an "IP code" to complete the return. Petitioner stepped out of line and spoke with a supervisor, who told him they would call the electronics section to obtain the code. Petitioner asked to go to the automotive section to look for a headlight bulb while he waited. When petitioner returned to customer service, he asked the same supervisor if he could go to the front of the line because he had previously waited in the line. He was told he had to wait in line. Petitioner had previously seen an unknown white female customer walk to the front of the line and receive service. He did not know the circumstances of her transaction. Petitioner alleged that, had he been white and female, he would not have had to wait in line for a second time. Petitioner waited in line, completed his return and left the store.

Petitioner spoke with a co-manager and called Walmart's "1-800 number" multiple times. He was offered a $25 gift card, which he declined to accept.

¶ 4     The Department conducted an investigation into petitioner's charge.[1] According to the Department's Investigation Report, petitioner stated that he had to wait in line after returning to the customer service area, while a non-black female did not wait in line. Walmart stated it was its practice to have customers wait in line again if they left the customer service area. Petitioner urged review of surveillance video, which Walmart stated did not show petitioner being treated differently because of his race. It was undisputed that petitioner was able to complete his return. The Department found no evidence that petitioner was denied the full and equal enjoyment of Walmart's facility where it was uncontested that he was able to conduct his transaction and there was no evidence he was forced to wait in line a second time because of his race or sex. The Department dismissed petitioner's complaint for lack of substantial evidence of discrimination based on race or sex.

¶ 5     Petitioner filed a request for review with the Commission. He argued that Walmart had information on his complaints, receipts, and video surveillance in its possession. He asserted that the Department's investigation accepted Walmart's credibility over his own and argued that his allegations, if believed, showed a violation of the Act. Petitioner attached his Complainant Information Sheet, a letter from the Department's Intake Unit, and his letter in response to the Department's Intake Unit as exhibits.

---

[1] The record indicates that Walmart timely submitted a verified response, which is not included in the record on appeal.

¶ 6    The Department responded that their investigation did not reveal that petitioner was denied the full and equal enjoyment of Walmart's services based on his race or sex and that, even if all of petitioner's allegations were presumed true, he was not refused entry to the store or prevented from conducting his business inside where he was able to complete his return successfully. Although petitioner alleged that an unknown white female customer did not have to wait in line, he admitted that he did not know the circumstances of her transaction. As a result, he could not establish that any similarly situated non-black female customers were treated more favorably. Furthermore, petitioner did not allege any statements or remarks that would show Walmart had any discriminatory animus toward petitioner based on his protected classes.

¶ 7    Petitioner responded that the Department incorrectly stated the facts and events, and again attached his Complainant Information Sheet, a letter from the Department's Intake Unit, and his letter in response to the Department's Intake Unit.

¶ 8    On November 7, 2018, the Commission, having reviewed all pleadings filed, concluded that the Department properly dismissed petitioner's charge for lack of substantial evidence. The order was served on petitioner by mail the following day. The Commission found no substantial evidence that petitioner was denied the full and equal enjoyment of Walmart's facilities due to his race and sex. The Commission further found that petitioner was able to complete his transaction and could not show that any similarly situated customers outside of his protected class were treated more favorably. Thus, the Commission sustained the Department's dismissal of petitioner's claim.

¶ 9    On December 12, 2018, petitioner filed a timely petition for direct review of the Commission's decision in this court. See Ill. S. Ct. R. 335(a) (eff. July 1, 2017); 775 ILCS 5/8-

111(B)(1) (West 2014) (after the Commission has entered a final order, a complainant may obtain judicial review by filing a petition for review in the Appellate Court within 35 days of the decision).

¶ 10    On appeal, petitioner solely argues that the record is incomplete and contains "many material omissions and inaccuracies too many to enumerate at this time[.]" The Department responds that because petitioner fails to set forth any further argument in his opening brief he has forfeited any challenge to the merits of the Commission's decision. See *In re Marriage of Winter*, 2013 IL App. (1st) 112836, ¶ 29. Moreover, the Department argues that the Commission's decision sustaining the Department's dismissal of petitioner's charge of race and sex discrimination was not an abuse of discretion. We affirm.

¶ 11    As a preliminary matter, we note that petitioner's appellate brief fails to comply with several requirements of Supreme Court Rule 341 (Ill. S. Ct. R. 341 (eff. May 25, 2018)). Although plaintiff is proceeding *pro se* on appeal, he is nonetheless required to comply with our supreme court rules. See *Ammar v. Schiller, Du Canto and Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 16. Plaintiff's brief fails to comply with Rule 341 in several respects, including failing to set forth the facts as contained in the record, or to adequately set forth any legal argument. See Ill. S. Ct. R. 341 (h)(6), (7). Rule 341 requires a statement of facts in order to provide this court with the facts necessary for an understanding of the case, "without argument or comment, and with appropriate reference to the pages of the record." Ill. S. Ct. R. (h)(6). Petitioner fails to set forth the facts of the case, and instead argues that the record on appeal is "incomplete" and "contains many material omissions and inaccuracies too many to enumerate[.]" In addition, Rule 341 requires an appellant to state his argument on appeal, supported with citation to the record and relevant legal authority, which petitioner fails to do. See Ill. S. Ct. R. 341 (h)(7); see also *Gandy v. Kimbrough*, 406 Ill.

App. 3d 867, 875 (1st Dist. 2010) (stating this court is not a depository in which the burden of argument and research may be dumped).

¶ 12    We point out that we may dismiss an appeal where it "fails to comply with the requirements of Rule 341." *Zale v. Moraine Valley Cmty. College*, 2019 IL App (1st) 190197, ¶ 32. However, we may reach the merits where, as here, we have the benefit of a cogent brief from the opposing party and the issues presented can be easily resolved. See *id.*; *Stolfo v. KinderCare Learning Ctrs., Inc.*, 2016 IL App (1st) 142396, ¶ 19.

¶ 13    Under the Act, a person who is aggrieved by an alleged civil rights violation may file a charge of discrimination with the Department. 775 ILCS 5/7A-102(A) (West 2014). The Department will then investigate to determine if the allegations in the charge are supported by substantial evidence. *Id.* § 7A-102(C)(1). "Substantial evidence is evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance." *Id.* § 7A-102(D)(2). Mere speculation and conjecture do not constitute substantial evidence of discrimination. *Willis v. Illinois Department of Human Rights*, 307 Ill. App. 3d 317, 326 (1999). If the Department determines that there is no substantial evidence, the charge will be dismissed. *Id.* § 7A-102(D)(3). The complainant may then file a request for review with the Commission. *Id.*

¶ 14    "When a request for review is properly filed, the Commission may consider the Department's report, any argument and supplemental evidence timely submitted, and the results of any additional investigation conducted by the Department in response to the request." *Id.* § 8-103(B). After the Commission has entered a final order, a complainant may obtain judicial review

by filing a petition for review in the Appellate Court within 35 days of the decision. *Id.* § 8-111(B)(1).

¶ 15　We review the Commission's decision to sustain the dismissal of a charge of discrimination for an abuse of discretion. *Young v. Illinois Human Rights Comm'n*, 2012 IL App (1st) 112204, ¶ 33; *Owens v. Department of Human Rights*, 403 Ill. App. 3d 899, 917 (1st Dist. 2010). Under the abuse of discretion standard, a court will not disturb the Commission's decision unless it is arbitrary or capricious. *Young*, 2012 IL App (1st) 112204, ¶ 33. An arbitrary and capricious decision is one which contravenes the intent of the legislature, fails to consider a crucial aspect of the problem, or offers an impossible explanation contrary to agency expertise. *Id.*; *Budzileni v. Department of Human Rights*, 392 Ill. App. 3d 422, 442 (1st Dist. 2009). On review, we will not reweigh the evidence or substitute our judgment for that of the Commission. *Owens*, 403 Ill. App. 3d at 917.

¶ 16　The Illinois Human Rights Act (Act) provides that it "is a civil rights violation for any person on the basis of unlawful discrimination to *** [d]eny or refuse to another the full and equal enjoyment of the facilities, goods and services of any public place of accommodation." 775 ILCS 5/5-102(A) (West 2014). A "place of public accommodation" includes grocery stores, clothing stores, shopping centers, or other sales establishments. *Id.* § 5-101(A)(5) (West 2014). Unlawful discrimination under the Act includes discrimination on the basis of race or sex. *Id.* § 1-103(Q) (West 2014).

¶ 17　The petitioner may prove discrimination through indirect evidence by showing by a preponderance of the evidence a *prima facie* case of unlawful discrimination. *Owens*, 403 Ill. App. 3d at 918-19. If a *prima facie* case is established, a rebuttable presumption of unlawful

discrimination arises. *Zaderaka v. Illinois Human Rights Comm'n,* 131 Ill. 2d 172, 180 (1989). To rebut the presumption, the respondent must articulate, not prove, a legitimate, nondiscriminatory reason for its decision. *Id*. If the respondent articulates such a reason, the petitioner must prove, again by a preponderance of the evidence, that the respondent's reason was a pretext for discrimination. *Id*. Under this test, the ultimate burden of persuasion remains on the petitioner throughout the proceedings. *Id*.

¶ 18    In order to establish a *prima facie* case of discrimination, a petitioner is generally required to show that "1) the petitioner is a member of a protected group; 2) the petitioner applied for an opportunity and was qualified for the opportunity; 3) the opportunity was denied to the petitioner; and 4) after the opportunity was denied, the opportunity was offered to others not in the protected group." *Turner v. Human Rights Comm'n*, 177 Ill. App. 3d 476, 487 (1988). "The elements required to prove a *prima facie* case are not inflexible, as '[t]he facts necessarily will vary' " in different cases. *Id.* at 488 (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 803, n. 13 (1973)).

¶ 19    In this case, the Commission sustained the Department's dismissal of petitioner's complaint based on a lack of substantial evidence that petitioner was denied full and equal enjoyment of Walmart's facilities due to his race and sex. The Commission found that in order to establish a *prima facie* case of discrimination in public accommodation, petitioner was required to show that (1) he was a member of a protected class, (2) he was denied or refused the full and equal enjoyment of the facilities and services, and (3) that similarly situated individuals outside of petitioner's protected class were treated differently. The Commission found that there was no substantial evidence that petitioner was denied the full and equal enjoyment of Walmart's facilities

where he was able to complete his transaction and he could not show that any similarly situated customers outside of his protected class were treated more favorably.

¶ 20    We find that the Commission did not abuse its discretion or act arbitrarily and capriciously in sustaining the Department's dismissal of the charge. The record shows that petitioner did not present any evidence that he was denied the full and equal enjoyment of Walmart's services, where it was undisputed that he was able to enter and conduct his business. See, *e.g., Robertson v. Burger King, Inc.*, 848 F. Supp. 78, 80-81 (E.D. La. 1994) (finding complaint of slow service, alleging white customers were served first, failed to state a claim for violation of civil rights where plaintiff was not denied admittance or service); *McCaleb v. Pizza Hut of America, Inc.*, 28 F. Supp. 2d 1043, 1048 (N.D. Ill. 1998) (comparing cases with no violation, where plaintiffs were not precluded from entering a store or purchasing items, to cases where plaintiffs were denied the opportunity to purchase items and were provided with less than what they paid for, in violation of their civil rights). Additionally, petitioner failed to show that Walmart treated similarly situated customers outside his protected class more favorably. Although petitioner alleged that an unknown white woman was able to approach customer service without waiting in line, he did not allege that she was similarly situated where he admitted that he did not know the circumstances of her transaction. As such, petitioner's argument amounts to little more than speculation and conjecture that does not amount to substantial evidence of discrimination. See *Willis*, 307 Ill. App. 3d at 326.

¶ 21    In reaching our conclusion, we briefly note that petitioner claims that the record in this case is incomplete and contains "many material omissions and inaccuracies too many to enumerate at this time[.]" The Commission, in reviewing the Department's dismissal of a charge for lack of substantial evidence, was permitted to "consider the Department's report, any argument and

supplemental evidence timely submitted, and the results of any additional investigation conducted by the Department in response to the request." 775 ILCS 5/8-103(B) (West 2014). The record on direct administrative review includes those documents that were before the agency (here, the Commission). See 735 ILCS 5/3-110 (West 2014); Ill. Sup. Ct. R. 335 (eff. July 1, 2017). Thus, petitioner was free to present supplemental evidence before the Commission. However, we cannot consider any new or additional evidence on review that was not before the Commission. See *id.* Accordingly, we reject petitioner's contention that the record is incomplete for failing to include additional evidence on appeal that was not presented before the Department or the Commission.

¶ 22    For the forgoing reasons, we affirm the Commission.

¶ 23    Affirmed.