2021 IL App (1st) 190235-U

THIRD DIVISION
August 25, 2021

No. 1-19-0235

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the   limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| DOOR PROPERTIES, LLC, SERRANI CAROL ANDERSON, MIDWEST BANK TRUST COMPANY, and WILDWOOD, LLC, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| (Door Properties, LLC, Plaintiff-Appellee) | ) ) | 10 L 12931 |
| v. | ) ) | Honorable |
| AYAD M. NAHLAWI, | ) ) ) | Thomas More Donnelly, Judge Presiding |
| Defendant-Appellant. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justices Fitzgerald Smith and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirmed. Without adequate record, we presume circuit court properly denied defendant's objections to supplemental discovery requests and properly held him in civil contempt for failing to answer them.

¶ 2    This case is yet another chapter in Door Properties's nearly decade-long attempt to collect an approximately $750,000 judgment from Ayad M. Nahlawi. See *Door Properties, LLC v. Nahlawi*, 2015 IL App (1st) 131256-U (affirming judgment); *Door Properties, LLC v. Nahlawi,* 2020 IL App (1st) 173163 (reversing judgment against third-party citation respondent and remanding for hearing); *Door Properties, LLC v. Nahlawi*, 2021 IL App (1st) 182568-U (affirming trial court's discovery ruling and imposition of contempt for noncompliance).

¶ 3     In the most recent appeal earlier this year, we held that the circuit court did not abuse its discretion in overruling Nahlawi's relevancy and proportionality objections to certain discovery requests regarding his relationship with various entities. See *Nahlawi*, 2021 IL App (1st) 182568-U. We recognized there that Door Properties's theory is that Nahlawi, while claiming to be asset-free to avoid paying Door Properties, in fact has been receiving compensation through parents, friends, or various entities related to those individuals—"compensation that would not land on a W-2 or 1099 form, but compensation nevertheless." *Id.* ¶ 44. So trying to learn more about the relationships between Nahlawi and these friends, family, and their businesses was highly relevant in attempting to collect on its sizeable outstanding judgment. *Id.*

¶ 4     In this appeal, Nahlawi is challenging the court's decision to overrule essentially the same objections as last time, but to a different set of discovery requests. And this time, without an adequate record, to boot. Door Properties's response is essentially the same as last time. And our feeling on the matter is the same, too.

¶ 5     Specifically, in 2018, Door Properties issued a Supplemental Rider to its citation to discover assets. Many of these supplemental requests related to expenses paid by the various entities at issue in our previous decision. See *id.* ¶ 7. As an example, Door Properties identified 29 different individuals or businesses that it suspects may be funneling money to Nahlawi and sought from him "any documents relative to living expenses for [Nahlawi] paid from 2013 to the present, including, but not limited to living expenses, rent, automobile expenses, insurance expenses, legal fees, court costs, education expenses and vacations." In total, Door Properties issued 27 document requests and 10 interrogatories, all of which had this general theme.

¶ 6     Predictably, Nahlawi objected to each of the requests at issue with a nearly identical objection as last time—namely, that the request was

"vague, overbroad in scope and duration, seeks irrelevant information and information that is not material to the state purpose of a citation to discover assets. It is well settled that the only relevant inquiries in a supplemental proceeding are (1) whether the judgment debtor is holding assets that should be applies to the judgment; and (2) whether a third-party citation respondent is holding assets of the judgment debtor that should be applied to the judgment. [citation omitted]. Further, [the request] violates the proportionately [*sic*] requirement imposed by Illinois Supreme Court Rule 201(c)(3). The time, effort and expense associated with searching, including searching a wealth of electronically stored information, [looking for the information requested] is wholly disproportionate to and greatly outweighed by whatever limited usefulness such documents might have."

¶ 7    On November 20, 2018, the court overruled Nahlawi's objections to the Supplemental Rider and ordered him to answer. Two days before the deadline to answer, Nahlawi sought a finding of "friendly" contempt regarding his continued objections to the Supplemental Rider. On December 13, the court technically granted the motion for "friendly" contempt but found Nahlawi to be in willful noncompliance and thus also imposed a not-so-friendly $100/day sanction until Nahlawi purged the contempt by responding to the Supplemental Rider.

¶ 8    Before this court, Nahlawi repeats his objections and claims the court erred in overruling them and holding him in indirect civil contempt. But there's a problem. We have no transcript of proceedings to review. It is the appellant's burden to provide a sufficient record to support his claims. *Xcel Supply LLC v. Horowitz*, 2018 IL App (1st) 162986, ¶ 52. Without a transcript or other adequate record, we generally presume that the court acted in accordance with the facts and the law. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

No. 1-19-0235

¶ 9        That is particularly true when, as here, both of the challenged decisions—the discovery ruling and the contempt citation—are discretionary. See *id.* (review of discretionary ruling impossible absent transcript explaining court's reasoning); *Burdess v. Cottrell*, *Inc.* 2020 IL App (5th) 190279, ¶¶ 63, 84 (trial court has broad discretion in ruling on discovery matters, and decision on proportionality objection reviewed for abuse of discretion); *Doe v. Weinzweig*, 2015 IL App (1st) 133424, ¶ 14 (civil contempt "will not be disturbed on appeal unless it is against the manifest weight of the evidence or the record reflects an abuse of discretion").

¶ 10        In the previous case, we had an adequate record, including transcripts of the relevant hearings, and we upheld the trial court's discovery order and contempt citation. *Nahlawi*, 2021 IL App (1st) 182568-U, ¶¶ 24-27, 49, 57. We laid out there what the trial court perceived as Nahlawi's long history of delay and gamesmanship in this discovery fight. See *id.* ¶ 49. Here, at least on paper, it seems the court was once again saying "enough is enough," again deciding to impose "less than friendly" contempt. See *id.* ¶¶ 56-57.

¶ 11        Even in the unlikely event that Nahlawi could persuade us otherwise this time around, with more or less the same discovery requests and same arguments from both sides, his failure to include an adequate record is a fatal blow to his appeal. We cannot possibly overturn the trial court's rulings for an abuse of discretion when we cannot review why the trial court ruled as it did. See *Foutch*, 99 Ill. 2d at 391-92. We thus affirm the judgments in all respects.

¶ 12        Affirmed.